FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WOODROW DUNN, JR.,

    Plaintiff - Appellant,

v.

NENMDF; GEO GROUP, INC.,

    Defendants - Appellees.

No. 20-2077
(D.C. No. 1:19-CV-00881-KWR-KRS)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO, BACHARACH,** and **MORITZ**, Circuit Judges.
_____

    Mr. Woodrow Dunn, Jr. is incarcerated at a private prison in New Mexico. He sued the facility and its owner, alleging that the owner is trying to kill him by forcing a fellow prisoner to apply shock waves to Mr. Dunn's brain. Because Mr. Dunn is pro se, the district court liberally

---

[*]    We conclude that oral argument would not materially help us in deciding the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). We have thus decided the appeal based on the record and the parties' briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

construed the allegations as a cause of action under 42 U.S.C. § 1983. With this construction, the court *sua sponte* dismissed the complaint for failure to state a claim and frivolousness. We affirm.

In ordering dismissal for failure to state a claim, the court identified three defects in the complaint:

1. One of the defendants, the detention facility itself, is not a suable entity under § 1983.

2. The complaint doesn't allege any personal involvement by a particular governmental official.

3. The second defendant, the owner of the detention facility, cannot incur vicarious liability under § 1983.

The district court also dismissed the complaint as frivolous, concluding that the allegations were based on other prisoners' allegations that were either "delusional or intentionally fabricated." D. Ct. Doc. No. 23 at 9.

On appeal, Mr. Dunn repeats the allegations and arguments made in district court, attaching materials previously filed in district court and asking us to apply the Eighth Amendment. But Mr. Dunn does not explain what he believes is wrong with the district court's reasoning. The failure to provide such an explanation is fatal on appeal. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366, 1368–70 (10th Cir. 2015) (stating that the appellant bears the burden to explain what was wrong with the district

court's reasoning).[1] We thus affirm the dismissal for failure to state a valid claim and frivolousness.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1]    Mr. Dunn also requests leave to proceed *in forma pauperis*. We grant this request. Though we grant the request, we remind Mr. Dunn of his obligation to continue making partial payments toward the appellate filing fee until the fee is paid in full. *See* 28 U.S.C. § 1915(b)(1).